UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS AND VICINITY, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:12-CV-113 (CEJ) |
| KNAUST DRYWALL, INC. and GATEWAY DRYWALL, INC., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for summary judgment against defendant Knaust Drywall, Inc. Defendant has not filed a response to the motion and its time for doing so has expired.

I.   **Background**

Plaintiffs are four employee benefit plans (the Pension, Vacation, Welfare, and Training funds), their trustees (collectively, the plans), and the Carpenters' District Council of St. Louis (the union). On April 1, 2009, defendant Knaust Drywall, Inc., (Knaust), executed an agreement to be bound by the collective bargaining agreement (CBA) negotiated between the union and the Missouri/Illinois Independent Building Contractors. The CBA is in effect through April 30, 2013. Pls. Ex. 1 and Ex. 2 [Docs. #19-2 and # 19-3]. Plaintiffs bring this action pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132, alleging that Knaust failed to make timely contributions to the plans as required under the terms of the CBA. Plaintiffs further allege that Knaust ceased operating in January

2012 and that defendant Gateway Drywall, Inc., is an alter ego of Knaust and therefore jointly liable for amounts owed by Knaust.

### II.  Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987).  The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists.  United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

### III.  Discussion

ERISA provides that employers shall make contributions when required by the terms of a CBA. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2). The CBA at issue here requires defendant to make contributions to the funds for each hour worked by employees covered by the agreement. §§ 5.07 - 5.09. Failure to make timely contributions subjects defendant to liquidated damages equal to 20% of the unpaid contribution, interest, court costs, and attorney's fees. Id. § 5.12.

Plaintiffs submit the affidavit of Julie Laramie, controller for the benefit funds, who attests that defendant Knaust owes $90,818.99 in unpaid contributions for the period of September 27, 2011, through January 10, 2012.[1] Ms. Laramie has calculated that Knaust owes $18,163.80 in liquidated damages and $1,883.27 in interest on those contributions, for a total of $110,866.06.

Based on the documentation and affidavits submitted by the plaintiffs, the Court finds that defendant Knaust was bound at all relevant times by a valid CBA and that it breached its obligations by failing to timely pay the required contributions. The Court further finds that Ms. Laramie's calculations accurately reflect the liquidated damages and interest amounts owed by defendant under the terms of the CBA.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for summary judgment against defendant Knaust Drywall, Inc. [Doc. #19] is **granted**.

---

[1] It appears that defendant Knaust submitted reports for these months but did not pay contributions.

Judgment will be entered against Knaust Drywall, Inc. at the conclusion of the proceedings in this case.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of September, 2012.